UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TOMMIE DUNN, Individually and as**
**Administrator of the Estate of Fred Dunn, for**
**the use and benefit of the estate and wrongful**
**death beneficiaries of Fred Dunn**                                     **PLAINTIFF**

V.                                                                                                     **NO. 3:03cv51**

**MARINER HEALTH CARE, INC.,**
**GRANCARE, LLC, et al**                                                                             **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of plaintiff Tommie Dunn, in his capacity as administrator of the Estate of Fred Dunn, pursuant to 28 U.S.C. § 1447, to remand **[72-1]** this case to the Circuit Court of Grenada County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

On December 18, 2002, plaintiff filed suit in the Circuit Court of Grenada County, seeking recovery for injuries which decedent Fred Dunn allegedly sustained during his stay at the Grenada Health and Rehabilitation Center. On May 30, 2003, the case was removed to this court, on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff has moved to remand, contending that complete diversity of citizenship is not present in the instant case, inasmuch as defendant Betty M. Meadows is, like plaintiff, a Mississippi resident. Defendants

1

counter that Meadows was fraudulently joined for the purpose of defeating removal jurisdiction and that remand would therefore be inappropriate.

The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In evaluating a motion to remand, the court considers summary judgment-type evidence to pierce the pleadings. This evidence may include the pleadings, affidavits and deposition transcripts. *Id.* The Fifth Circuit has recently reaffirmed that it "is insufficient that there be a mere theoretical possibility of recovery," to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 .3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In alleging that Meadows was fraudulently joined, defendants argue that, based upon the allegations of plaintiff's complaint, there is no reasonable possibility that plaintiff could recover against this defendant under Mississippi law. Defendants do not present any affidavits or other evidence demonstrating that plaintiff's claims lack merit, instead relying upon the allegations of plaintiff's complaint to establish fraudulent joinder in this case.

Defendant's primary argument is that any recovery against a nursing home administrator is barred as a matter of law. Defendants suggest that a nursing home administrator owes no duty of care to residents at the facility under Mississippi law, but the court finds no support in Mississippi Supreme Court precedent for such a proposition. Mississippi follows the general rule that individual liability of an officer or agent of a corporation may not be predicated merely on his connection to the corporation but [instead] must have as its foundation 'individual wrongdoing,'" such as when the agent "'directly participates in or authorizes the commission of a tort.'" *Turner v. Wilson*, 620 So. 2d 545, 548 (Miss. 1993). In other words, "any officer or agent of a corporation who actively participates in the commission of a tort is personally liable to third persons injured thereby." *Turner*, 620 So. 2d at 548 (*quoting Wilson v. South Cent. Miss. Farmers, Inc.*, 494 So. 2d 358, 361 (Miss. 1986)).

The aforementioned authority is applicable to a wide range of officers and agents and serves to prevent such individuals from being held personally liable for tortious acts in which they did not "actively" or "directly" participate. The standard thus serves to prevent the imposition of blanket liability against such officers and agents, and the court can discern no aspect of the nursing home administrator profession which would require the imposition of a differing standard of liability. In cases where an administrator does, in fact, "actively participate" in tortious conduct which injures nursing home residents, there would appear to be no valid reason for the law to immunize those administrators from personal liability. The Supreme Court has adopted a "gross negligence" standard of liability for insurance adjusters, *see Bass v. Cal. Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991), but the Court has not suggested that this standard applies to any other professionals. Given the importance of responsible nursing home

administration to the public as a whole, this profession would not appear to be a good candidate for a lessened duty of care.

The court's conclusions in this regard are supported by the Fifth Circuit's recent decision in *Letha M. Gray v. Beverly Enterprises-Mississippi, Inc. et al*, 390 F.3d 400 (5th Cir. 2004). The pendency of the appeal in *Gray* led this court to enter a stay in this and other similar removals which, like *Gray*, involved allegations of fraudulent joinder of nursing home administrators. In *Gray*, Judge Barbour denied remand on the basis of the fraudulent joinder of a nursing home administrator, based upon his conclusion that, under Mississippi law, such administrators owed a duty of care to the facility, rather than to patients. As noted previously, defendants raise an almost identical argument in this case. The Fifth Circuit rejected this argument, writing as follows:

> On balance, plaintiffs have the better of the argument--at least strong enough to demonstrate a reasonable possibility of recovery under Mississippi law. Plaintiffs cannot demonstrate hands-on contact by the [nursing home administrator] defendants, but such activity does not seem required to impose personal liability under Mississippi law. One may easily be a direct participant in tortious conduct by merely authorizing or negligently failing to remedy misconduct by one's subordinates. It is uncertain, at this stage of the litigation, whether plaintiffs will be able to prove their allegations of direct participation to the satisfaction of the trier of fact. Nevertheless, it is at least reasonable to expect that a Mississippi court might find that the allegations of the in-state defendants' misfeasance and nonfeasance are sufficient to state a claim under state law. The district court therefore erred in not recognizing the reasonable possibility of plaintiffs' recovery against the in-state defendants under Mississippi law--especially in light of the recognized ambiguity in the caselaw that must be resolved in favor of remand.

Gray, 390 F.3d at 410.

In light of *Gray*, it seems clear that a reasonable possibility of recovery exists against the nursing home administrator in this case, based upon the allegations of the complaint.

4

In his complaint, plaintiff alleges that Meadows committed the following acts of negligence:

>   a) fail[ed] to hire an adequate amount of nursing personnel and other agents and employees of said facility, that were also qualified, to assure that William Bluitt received adequate care, treatment and services, in accordance with the mandates set forth in state laws, and in the nursing home policy and procedure manual.
>
>   b) fail[ed] to adequately supervise the nursing personnel and other agents and employees of said facility to assure that William Bluitt received adequate, care, treatment and services, in accordance with the mandates set forth in State laws, and in the nursing home policy and procedure manual.
>
>   c) fail[ed] to adequately train the nursing personnel and other agents and employees of said facility to assure that William Bluitt received adequate, care, treatment and services, in accordance with the mandates set forth in state laws, and in the nursing home policy and procedure manual.

Defendants argue that the allegations of the complaint are somewhat lacking in specificity as they relate to Meadows. However, Miss. R. Civ. P. 8 requires only a "short and plain statement ... showing that the pleader is entitled to relief." Moreover, the Fifth Circuit has rejected the argument that dismissal with prejudice upon a finding of fraudulent joinder is an appropriate remedy for pleading defects. In *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000), the Fifth Circuit considered arguments that a claim against a resident defendant was "deficient because plaintiffs have failed to plead it with sufficient particularity in accordance with Fed. R. Civ. P. 9(b)." The Fifth Circuit in *Hart* agreed that plaintiffs' allegations of "deceitful or deceptive behavior" against the resident defendant were "somewhat conclusory." Nevertheless, the court emphasized that the penalty for any defective pleadings should not ordinarily be "dismissal with prejudice to refiling unless the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.* (Emphasis added).[1]

---

[1] Indeed, defendants objected to attempts by this court, in the form of an order granting plaintiff leave to file an amended complaint, to grant plaintiff an opportunity to make more specific allegations against the administrator. By so doing, defendants rejected the one

5

There are no circumstances in this case which dictate a dismissal with prejudice of plaintiff's claims on the basis of any alleged pleading defects, and *Gray* supports plaintiff's argument that a reasonable possibility of recovery exists against Meadows in this case. Complete diversity does not exist among the properly joined parties to this action, and the motion to remand will therefore be granted.

It is therefore ordered that plaintiff's renewed motion to remand [72-1] is granted.[2]

**SO ORDERED**, this 8th day of April, 2005.

    **/s/ Michael P. Mills**
    **UNITED STATES DISTRICT JUDGE**

---

opportunity given to them by this court to establish fraudulent joinder on the basis of any alleged lack of specificity in the complaint.

[2] The court was advised by counsel that the docket in this case originally showed, at docket entries 74 and 75, the re-entry of certain orders which were previously entered by this court. This was a docketing error, and the court hereby directs that all parties disregard docket entries 74 and 75 and replace them with this single order granting the motion to remand.